UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PROCTOR, as an aggrieved employee on behalf of himself and other current and former aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>HELENA AGRI-ENTERPRISES, LLC, a Delaware company doing business as HELENA CHEMICAL COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 18-CV-2834 JLS (NLS)<br><br>**ORDER: (1) GRANTING MOTION TO REMAND;**<br>**(2) REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; AND**<br>**(3) DENYING AS MOOT MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM AND TO CONSOLIDATE CASES**<br><br>(ECF Nos. 8, 9, 12) |

Presently before the Court are Defendant Helena Agri-Enterprises, LLC's Motions to Dismiss PAGA Action Pursuant to Fed. R. Civ. P. 12(b)(6) ("Mot. to Dismiss," ECF No. 8) and to Consolidate ("Mot. to Consolidate," ECF No. 9), as well as Plaintiff Jorge Proctor's Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Mot. to Remand," ECF No. 12) (together, the "Motions"). Also before the Court are Plaintiff's Opposition to (ECF No. 13) and Defendant's Reply in Support of (ECF No. 15) the Motion to Consolidate; Plaintiff's Opposition to (ECF No. 14) and Defendant's Reply in Support of (ECF No. 16) the Motion to Dismiss; and Defendant's Opposition to ("Remand Opp'n," ECF No. 19),

Plaintiff's Reply in Support of ("Remand Reply," ECF No. 20), and Defendant's Surreply in Opposition to ("Remand Surreply," ECF No. 22) the Motion to Remand. The Court took the Motions under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 17, 21. Having considered the Parties' arguments, the evidence, and the law, the Court **GRANTS** Plaintiff's Motion to Remand; **REMANDS** this action to the Superior Court of the State of California, County of San Diego; and **DENIES AS MOOT** Defendant's Motions to Dismiss and to Consolidate.

## BACKGROUND

Plaintiff filed this representative action pursuant to the Private Attorney General Act of 2004 ("PAGA"), California Labor Code §§ 2698 *et seq.*, in the Superior Court of the State of California, County of San Diego, on November 15, 2018, for civil penalties, interest, and attorneys' fees and costs for violations of the California Labor Code for failure to (1) pay minimum and overtime wages, (2) provide meal periods and rest breaks, (3) timely pay wages during employment, (4) timely pay wages upon termination, (5) provide complete and accurate wage statements, and (6) reimburse business expenses. *See generally* ECF No. 1-2 ("Compl."). Plaintiff served Defendant on November 16, 2018. *See* ECF No. 1 ("Not. of Removal") ¶ 31.

On December 17, 2018, Defendant removed to this Court on the basis that "[t]his Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and 1332, which vests the District Court with original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000." Not. of Removal ¶ 7. Defendants filed their Motions to Dismiss and to Consolidate on December 21, 2018, *see generally* ECF Nos. 8–9, and Plaintiff filed the instant Motion to Remand on January 17, 2019. *See generally* ECF No. 12.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal

question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

Plaintiff contends that Defendant's removal was improper because "Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[1] Mot. to Remand at 1. Plaintiff seeks PAGA penalties for various violations of the California Labor Code. *See generally* Compl.

Although the Parties agree that the amount in controversy is based only on Plaintiff's individual claims for PAGA penalties, *see, e.g.*, Not. of Removal ¶ 20, they disagree as to (1) the number of pay periods in dispute, (2) whether the amount in controversy may include the State's 75% share, and (3) whether Defendant may aggregate default civil penalties under California Labor Code section 2699(a) with the civil penalties under California Labor Code section 226.3 for purposes of calculating the amount in controversy for its alleged failure to provide complete and accurate wage statements.

/ / /

---

[1] The Parties do not contest that there is complete diversity of citizenship: Defendant is a citizen of New York, *see* Not. of Removal ¶ 10, while Plaintiff is a citizen of California. *See* Compl. ¶ 9.

Regarding the amount of PAGA penalties, PAGA requires that any penalties assessed against a defendant "be distributed as follows: 75 percent to the Labor and Workforce Development Agency [("LWDA")] . . . and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i). Relying on *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), Plaintiff asserts that Defendant cannot establish jurisdiction based on the State's 75% share of Plaintiff's PAGA penalties. *See* Remand Reply at 2–4. Defendant counters that "'[t]here are conflicting district court cases' on this issue," Remand Surreply at 2 (quoting *Adame v. Comtrak Logistics, Inc.*, No. EDCV 15-02232 DDP, 2016 WL 1389754, at *6 (C.D. Cal. Apr. 7, 2016)), and that "[t]he better-reasoned line of cases . . . holds that the entire amount is properly considered in determining the amount in controversy." *Id.*

Defendant is correct that "[d]istrict courts are split over *Urbino*'s meaning with respect to th[is] . . . question." *Sloan v. IHG Mgmt. (Md.) LLC*, No. CV 19-21-DMG (JCX), 2019 WL 1111191, at *2 (C.D. Cal. Mar. 11, 2019). "One school of thought is that courts should consider only the plaintiff's stake in the 25% share distributed to aggrieved employees." *Id.* (citing *Van Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018)). "The other is that courts should take into account 100% of the penalties stemming from the plaintiff's claims, even though 75% goes to LWDA." *Id.* (citing *Patel*, 58 F. Supp. 3d 1032).

In line with a majority of districts, "[a]fter reviewing the case law, the Court concludes that the reasoning in [the former line of cases] is more persuasive." *See id.* (citing *Rael v. Intercontinental Hotels Grp. Res., Inc.*, No. 2:18-cv-05922-ODW(SSx), 2019 WL 990432, at *2 (C.D. Cal. Mar. 1, 2019); *Moberly v. FedEx Corp.*, No. 2:18-cv-00393-KJM-AC, 2019 WL 927295, at *3 (E.D. Cal. Feb. 26, 2019); *Olson v. Michaels Stores, Inc.*, No. CV 17-03403-AB (GJSx), 2017 WL 3317811 at *4 n.2 (C.D. Cal. Aug. 2, 2017); *Adame v. Comtrak Logistics, Inc.*, No. EDCV 15-02232 DDP (KKx), 2016 WL 1389754 at *5 (C.D. Cal. Apr. 7, 2016); *Lopez v. Ace Cash Exp., Inc.*, No. LA CV11-07116 JAK (JCx), 2015 WL 1383535, at *4–5 (C.D. Cal. Mar. 24, 2015); *Willis v. Xerox Bus.*

*Servs., LLC*, No. 1:13-cv-01353-LJO-JLT, 2013 WL 6053831 (E.D. Cal. Nov. 15, 2013)). "The Court sees no logical reason for [c]ourts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share)." *See id.* "Including LWDA's share in the calculation would come into tension with *Urbino*'s language that California is not a 'citizen' for diversity purposes." *See id.* "It would also greatly increase the number of cases that defendants could remove to federal court," which "runs counter to the congressional intent to restrict federal jurisdiction . . . , the general presumption against removal jurisdiction . . . , and *Urbino*'s description of PAGA actions as 'quintessential California dispute[s].'" *Id.* (quoting *Urbino*, 726 F.3d at 1123) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Gaus*, 980 F.2d at 566). "The Court shall therefore only take into account Plaintiff's portion of the 25% that aggrieved employees may recover." *See id.*

Even accepting Defendant's other contested assumptions, including the number of pay periods in dispute and aggregating damages for failure to provide complete and accurate wage statements, Defendant's maximum PAGA exposure as to Plaintiff is $45,784.50.[2] "Accordingly, the Court lacks subject matter jurisdiction over the case because Plaintiff has put less than $75,000 in controversy." *See Sloan*, 2019 WL 1111191, at *3.

---

[2] Failure to Pay Minimum Wage under California Labor Code sections 1194, 1197, and 1197.1 = $1275
Failure to Pay Minimum Wage under California Labor Code section 558 = $932.50
Failure to Pay Overtime Wages under California Labor Code sections 510 and 1198 = $1025
Failure to Pay Overtime Wages under California Labor Code section 558 = $8775
Failure to Provide Meal Periods under California Labor Code sections 226.7 and 512(a) = $1025
Failure to Provide Rest Periods under California Labor Code sections 226.7 and 512(a) = $1025
Failure Timely to Pay Wages During Employment under California Labor Code sections 204 and 210 = $1572.25
Failure Timely to Pay Wages at Termination under California Labor Code sections 210 to 203 = $25
Failure to Provide Complete and Accurate Wage Statements under California Labor Code sections 226, 226(a), and 1174 = $6212.50
Failure to Reimburse Business Expenses under California Labor Code sections 2800 and 2802 = $1025
Attorneys' Fees at 25% Benchmark = $22,892.25

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 12) and **REMANDS** this action to the Superior Court of the State of California, County of San Diego (ECF No. 1). The Court also **DENIES AS MOOT** Defendant's Motions to Dismiss (ECF No. 8) and to Consolidate (ECF No. 9). Because this Order concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 30, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge